81,101-02

C-2-010406-1227000-A

| | |
|---|---|
| EX PARTE | IN THE CRIMINAL |
| | DISTRICT COURT NO. 2 |
| RUSSELL TERRY McELVAIN | TARRANT RECEIVED IN TEXAS |

COURT OF CRIMINAL APPEALS

## APPLICANT'S OBJECTION TO STATE'S RESPONSE

SEP 18 2015

TO THE HONORABLE JUDGE OF SAID COURT:

Abel Acosta, Clerk

I, Russell Terry McElvain, Applicant pro se, object to all items within the State's Memorandum, Findings of Fact and Conclusions of Law, submitted by Andréa Jacobs, Assistant Criminal District Attorney, Tarrant County, on August 25, 2015 and adopted by the Court on August 27, 2015, regarding my Application for Writ of Habeas Corpus.

I stand by all my grounds in my application as noted in the original inmate's declaration and oath that I believe, under penalty of perjury, that according to my belief, the facts stated are true and correct.

I do wish to bring to the attention of this Honorable Court, internal problems, and possible corruption within Tarrant County area police recently covered by the Fort Worth Star-Telegram in articles on June 13, 2015 and June 20, 2015. The new District Attorney, taking office in January 2015 "discloses probe into questioned police testimony" the June 13 headline reads. The June 20 headline, "Officers accused of lying, 'winging it' by Tarrant County prosecutors, documents show." While I am not in a position to obtain all of the details and officer's names, the "credibility of 16 officers" is questioned in 9 communities surrounding Haltom City and the Tarrant County Sheriff's Office. To read state-ments, "Regarding a Watauga officer's testimony, a prosecutor said, 'I thought he was making stuff up or just winging it' or "'Don't trust anything he says', another prosecutor wrote about a Euless lieutenant" is quite daunting while being arrested, tried and convicted under

(1)

this prior administration, particularly when a major ground I have deals with a detective's testimony and my interrogation. This is the tip of the iceberg. To say this is 'irrelevant to my case' may' be true, yet could be an egregious error. If they can name 16 officers in 9 communities, who's to say there aren't more?

DIRECT OBJECTIONS TO SELECT STATE RESPONSE'S ON EACH GROUND

STATE'S FINDINGS OF FACT (USING THE STATE'S NUMBERING)

GROUND ONE:

6. In 5RR91, the victim does not testify that Applicant took pictures and videotaped sexually abusing her.

8. The State notes, "other than citing to the victim's testimony, Applicant presents no evidence to support his claim that the outcry witness commited perjury." A child's testimony alone can convict a man, yet if the victim says no this did not happen, the Court suddenly doesn't believe her? Lindsey Dula clearly lied in regard to the victim's outcry.

GROUNDS TWO, FIVE, AND FIFTEEN:

The use of terms "reasonable trial strategy" and "strategic decision" are used loosely throughout. It's a catch-all when no other reason exists. Unreasonable is a better suited word.

11. The State overlooked the point that the black video tape was not on the search warrant and thus taints the entire evidence.

19. Yes, the jury was given an extraneous evidence instruction, but there was no definition as to what was extraneous and what wasn't. They had photos and video but no explanation dividing them, pointing out what could and could not be used. Evidence from prior to the statute's enactment was not separated.

22. There is no record of the report from the psychologist. This is a he (Applicant) said vs she (Attorney) said. I know what I heard from Ms. Campbell, and it wasn't quoting the psychologists report.

(2)



33. The State notes, "Applicant presents no evidence that Mr. Weathers or Ms. Heiser were biased or objectionable." This is incorrect as I did point to the Reporter's Record where Mr. Weathers states a friend was a victim of child sexual abuse and Ms. Heiser states it was herself who was a victim of child sexual abuse. Does this Honorable Court truly believe they were unbiased?

36. The State notes, "Applicant presents no evidence to support his claim that not all of the evidence admitted was child pornography." This is wrong. In my Memorandum, I point to cases in the 5th Circuit and the U.S. Supreme Court where nude photos of children are ruled as non-pornographic, just as photos held as evidence in this case. I stand by my ground and supporting Memorandum. These photographers were not imprisoned, and neither should I be.

44. A private investigator hired by Ms. Campbell could have determined the outcry witness's story was different than that of the victim herself. He/she could have investigated family and past foster children histories to determine the applicant had no history of sexually abusing anyone. This could have been presented as favorable attributes, characteristics of the Applicant. He/she could have found all the information about "legal" photos of nude children (see above notes) and persued the fact that all of the evidence is not child pornography.

47-49. When a man is 55 years old, arrested for the first time in his life, a law abiding citizen, he trusts the attorney, who has experience and education. I was very naive about the whole legal process.

53. Ms. Campbell stating she "chose not to present Applicant's history of seeking out and viewing child pornography" is totally misdirected. There is no history of this behavior. Playboy and Hustler magazines are not child pornography, nor are nudist lifestyle photos.

59-61. I was charged under Penal Code 21.02. "Sexual Contact" was not a part of my charge. It was not listed on the indictment, so all of the sexual contact information is a product of ineffective

assistance of counsel.

65. I did not sexually abuse Kaitleigh.

72. Because the Eighth Court of Appeals found the counsel's objection was not sufficient to preserve the issue for appeal, this statement by the State is, in effect, pointing to my ineffective assistance of counsel. Counsel's objection should have been made in the proper manner, making this below the standard expected.

73-75. Detective Trevino stated, on the record, that he said you will not get into any more trouble. After disclosure of the location of the photos and video, the charges increased (more trouble) and had higher penalties (more trouble).

77. I never admitted to sexually assaulting Kaitleigh.

80. The State notes, "Once Detective Trevino found the images, true to his word, he did not add to the charges against appellant." This is totally the State of Texas trying to backpedal and cover for an officer's inept practices. (See page 1) Does a detective bring charges against the offender? Did he himself produce the original charges? It would "appear" he can say and do and promise anything he wants because his behind is covered because "he" does not do the charges. Someone else does. This seems like very sophomoric behavior. It is pointed out in item 81 the charges were produced by the DA's office and the grand jury. This is simply, absolutely, morally, wrong.

83. The State notes, "no evidence of improper inducement". Promises of no more trouble is inducement. A detective saying, "I don't care what you did.... Do this for your daughter...., I understand, she's a good looking girl.... Do you believe in second chances?" are all inducements. The entire Reed Investigation/Interview Technique has come under scrutiny in many places around the country, because of it's inducements.

86. Improper inducement would have removed the photos and video

(4)

from the evidence, as well as the entire interrogation. This would have severely hampered the State from winning. The proceeding would have gone totally different, a totally different outcome.

91. Totally disagree. Had the attorneys been more effective in all grounds I listed the outcome would have been entirely different.

## GROUND THREE:

93-94. I was not charged with sexual contact.

## GROUND FOUR:

95. The State notes, "Applicant did not raise on direct appeal....." This becomes a yes to Ineffective Assistance of Appellate Counsel (Ground 14).

97. The photos and video was not separated, so they (jurors) did not know which were to be used only to determine the relationship between the victim and Appellant, and which could be used to convict and punish.

100. The State notes, "Detective Trevino did not file any more charges."

101. The State notes, "The State upgraded the charges Detective Trevino filed." IF you add 100 + 101 the sum is not ethically correct, not morally correct, and fails to generate much respect for the police in general.

103. IF this is true, take me back for a retrial, pulling all the photos and video, and see if the outcome changes. How confident is the State?

104. Completely object.

## GROUND SIX:

106. The State notes, "Applicant did not raise on direct appeal....." This becomes another yes to Ineffective Assistance of Appellate Counsel (Ground 14).

107. An extraneous offense instruction was included, but the evidence was not separated so the jury would know what was extraneous and what was not. It's like putting together a kit with instructions, but the parts are not identified. What do I use? What do I not use?

## GROUND SEVEN:

109. The State notes, "Applicant did not raise on direct appeal....." This becomes #3 for Ineffective Assistance of Appellate Counsel (Ground 14).

## GROUND EIGHT:

111. The State notes, "Applicant did not raise on direct appeal...." This is yet another (4) for Ineffective Assistance of Appellate Counsel (Ground 14).

## GROUND NINE:

114. The State notes, "Applicant did not raise on direct appeal...." This is 5 now for Ineffective Assistance of Appellate Counsel (Ground 14).

115. The State notes, "Applicant did not raise on direct appeal...." This is 6 for Ineffective Assistance of Appellate Counsel (Ground 14).

## GROUNDS TEN AND TWELVE:

117. The State notes, "Applicant did not raise on direct appeal...." This is 7 for Ineffective Assistance of Appellate Counsel (Ground 14).

118. The State notes, "Applicant did not raise on direct appeal...." This is 8 for Ineffective Assistance of Appellate Counsel (Ground 14).

## GROUND ELEVEN:

120. The State notes, "Applicant did not raise on direct appeal...." Nine now for Ineffective Assistance of Appellate Counsel (Ground 14).

## GROUND THIRTEEN:

121-123. The ground is not "Mistake of Law", the ground is "unaware the penal code existed", thereby not knowing the action was illegal, thereby violating his rights.

## GROUNDS FOURTEEN AND FIFTEEN:

The use of the phrase "reasonable appellate strategy" is a catch-all when no other valid reason exists, whether it was truly strategy or not.

125-126. The State notes, "Hon. Davis advanced the strongest arguments that he found," and "Applicant presents no evidence to support his claim that counsel's chosen claims were not very strong." Thanks to the State's response in this document, there are 9 aforementioned items attributed to not being raised on direct appeal. There's the evidence.

127. The State notes, "Hon. Davis did not complain on direct appeal that

a lesser included offense instruction was not included in the jury charge because this issue was not preserved for appeal." Thus, this accounts for ineffective assistance of trial counsel for not properly preserving it.

131. Another issue not preserved for appeal thereby pointing to ineffective assistance of trial counsel. The jury was not properly instructed as they had no separation as to what evidence was extraneous, what was not.

133. Yet another issue not preserved for appeal, yet another pointing to ineffective assistance of trial counsel.

135. The State notes, "Hon. Davis did not complain on direct appeal that Applicant received ineffective assistance of counsel because the record was not sufficient to resolve the issue." The appellate counsel could not bring it up because the record was insufficient, because the trial counsel did not properly preserve items in the record, because they were ineffective.

137-138. Having the victim state, under oath, on the stand, this form of child sexual abuse, this element and/or manner and means of committing the charged offense, did not occur, when the outcry witness said it did occur was clearly important enough for the appeal, and not reasonable strategy not to note it.

139. I stand by my ground that the two outcry witnesses were not permissible per the citings in my Memorandum.

141. I stand by my ground that the "do your duty... find him guilty... he did it... you have the opportunity to do something" rhetoric is improper as per cases cited in my Memorandum. This, combined with telling the jurors the victims are our daughters, neighbors, friends was impermissible.

143 + 150. The State notes, "There is no evidence that a reasonable likelihood exists that the outcome of the proceedings would have been different had counsel advanced different arguments on appeal."

(7)

This is impossible to prove. Reviewing all of the "not properly preserved" answers, one clearly can surmise that the outcome would have been different. The State has no evidence to prove it would have been the same either.

<u>UNSWORN DECLARATION</u>

I, Russell Terry McElvain, being presently incarcerated in the Ellis Unit of the Texas Dept. of Criminal Justice - Institutional Division in Walker County, Texas verify and declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. Executed this 6th day of September, 2015.

*Russell McElvain*

Russell McElvain

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this Applicant's Objection to State's Response has been mailed, postage prepaid, to Sharen Wilson, Criminal District Attorney, Tarrant County, 401 W. Belknap, Ft. Worth, TX 76196 and to Thomas A. Wilder, District Clerk, Tarrant County, 401 W. Belknap, Fort Worth, Texas 76196 by the United States Postal Service, this 6th day of September, 2015.

*Russell McElvain*

Russell McElvain
TDCJ ID# 1709041
Ellis Unit
1697 Fm 980
Huntsville, Texas 77343